# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **MARY VICKERS** | **CASE NO. 6:18-CV-00023** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **PV HOLDING CORP ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

The present matter before the court is have filed this motion for summary judgment filed by defendants, PV Holding Corp., Avis Budget Car Rental, LLC and Avis Budget Group, Inc, ("Avis Defendants") [doc. 26]. This case arises out of a collision involving a rented automobile. Plaintiff Mary Vickers contends that the Avis Defendants breached their obligation to provide liability insurance coverage for the collision. The Avis Defendants contend that they have no contractual or statutory obligation to provide coverage for the collision. For the following reasons, the Court GRANTS the Avis Defendants' motion for summary judgment.

## BACKGROUND

Early in the morning of November 30, 2016, Mary Vickers was driving eastbound on Johnston Street in Lafayette, Louisiana, when her vehicle collided with a vehicle driven by defendant Adam Pousson. Pousson had just run a red light at the intersection of Johnston Street and Bertrand Drive. Vickers was injured in the collision. Pousson was arrested and charged with operating a motor vehicle while intoxicated after a breathalyzer test administered to him at the

scene of the collision registered a blood alcohol level of 0.221g%. Pousson was also charged with reckless driving for running the red light.[1]

The vehicle driven by Pousson was a 2016 Ford Mustang owned by PV Holding Corp. and rented by Avis Rent A Car System, LLC. Avis Rent A Car System is not a party in this action. Pousson was employed at the time by Cerner Corporation, and the Mustang was rented under a Worldwide Rate Agreement between Cerner and defendant Avis Budget Car Rental, LLC (the "Rate Agreement").[2] The Rate Agreement provided that if a vehicle is rented for business purposes under the agreement, the Cerner employee renting the vehicle is covered by liability insurance for bodily injury or death up to a limit of $100,000 for each person, up to $300,000 for each accident, and for property damage up to a limit of $25,000. This coverage is contingent on the renter's compliance with the "terms of this Agreement and the applicable Avis standard rental agreement."[3] When Pousson rented the Mustang, he received an Avis Standard Rental Agreement. This agreement shows that Pousson declined liability coverage and other optional services. This agreement also states that it is a violation of the agreement to use the rented vehicle "under the influence of alcohol," or to use the vehicle "recklessly."

Vickers filed this case in the 15th JDC against Pousson, the Avis Defendants, and Allstate Property and Casualty Insurance Company (Plaintiff's UM coverage provider). She contends that the Avis Defendants were required to provide liability insurance coverage for the collision either by contract or by statute. The Avis Defendants removed the action to federal court on January 9, 2018, based on diversity jurisdiction under 28 U.S.C. § 1332. The Avis Defendants then filed the

---

[1] Doc. #1, Exhibit #1, Plaintiff's Petition for Damages, ¶ III and IV.
[2] This agreement states that Avis Budget Car Rental, LLC was entering into the agreement on behalf of Avis Rent A Car Systems, LLC.
[3] Exhibit "B" to Doc. 38, Affidavit of Amber Keever and AWD Agreement, page 8

present motion, arguing that Pousson's violation of the Avis Standard Rental Agreement terminated any contractual or statutory obligation to provide liability insurance coverage.

## DISCUSSION

### A. The Summary Judgment Standard

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The Court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier

of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. Liability of the Avis Defendants to Provide Liability Insurance Coverage under the Rate Agreement.

Vickers contends that the Rate Agreement and the Avis Standard Rental Agreement obligate the Avis Defendants to provide liability insurance coverage for the injuries she suffered in the collision. Schedule B of the Rate Agreement provides that a Cerner employee renting under the company's number will be provided primary coverage either under an automobile liability insurance policy, or as a duly authorized self-insurer, covering bodily injury to persons and damage to property arising out of the maintenance, condition, use or operation of the Avis Rental vehicle...." But the only signatory to the Rate Agreement is Avis Budget Car Rental, LLC. Neither PV Holding nor Avis Budget Group are parties to the Rate Agreement and the insurance obligation in Schedule B. PV Holding was the owner of the Mustang driven by Pousson. As the Avis Defendants point out in their Motion for Summary Judgment, PV Holding's status as the owner of the vehicle, standing alone, provides no basis for liability absent some relationship that gave the owner or lessor a legal right to control the actions of the driver. Nor has Vickers provided any grounds for liability against Avis Budget Group. That defendant is not a party to the Rate Agreement.

While defendant Avis Budget Car Rental, LLC is a party to the Rate Agreement, its obligations under Schedule B of the Rate Agreement are contingent on a renter complying with the terms of the Avis Standard Rental Agreement. Paragraph 17 of the Avis Standard Rental Agreement states that a renter is not to operate the vehicle "under the influence of alcohol" or "recklessly." Pousson's operation of the vehicle recklessly and under the influence of alcohol on November 30, 2016, thus violated the terms and conditions of the Avis Standard Rental Agreement

and terminated the liability insurance coverage obligation in Schedule B of the Rate Agreement. Accordingly, there is no contractual basis for a claim under the Rate Agreement against any of the Avis Defendants.

**C. Liability of the Avis Defendants to Provide Liability Insurance Coverage Under the Louisiana Motor Vehicle Safety Responsibility Law.**

Vickers next argues that, even if Pousson's actions triggered the coverage exclusion in Schedule B of the Rate Agreement, that exclusion violates Louisiana public policy as expressed in the Louisiana Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851. Vickers cites *Czop v. White,* 80 So.3d 1255 (La. App. 5 Cir. 12/28/11) and *Marcus v Hanover Insurance,* 740 So. 2d 603 (La. 1999), to support her public policy argument. The Louisiana Motor Vehicle Safety Responsibility Law creates a mandatory, comprehensive scheme intended to provide financial protection to those involved in motor vehicle accidents. *See Hawkins v. Redmon,* 42 So. 3d 360, 362-63 (La. 2010). The statute requires proof of security prior to registering a vehicle or obtaining a driver's license, such as by obtaining a liability insurance policy that meets the minimum liability limits mandated by the statute. *Id.* LSA-R.S. 22:1296 governs the specific obligations of a rental car company under the broader, omnibus coverage requirements of the Louisiana Motor Vehicle Safety Responsibility Law. LSA-R.S. 22:1296 (B) provides that a rental car company "shall maintain security on all rental vehicles meeting the requirements of the Motor Vehicle Safety Responsibility Law...." This obligation, however, is extinguished if "the renter or driver has valid and collectible insurance," or if "the renter violates the terms and conditions of the rental agreement." LSA-R.S. 22:1296 (B)(2). Here, Pousson carried "valid and collectible insurance" and he violated the terms and conditions of the Avis Standard Rental Agreement by driving the

Mustang recklessly and under the influence of alcohol.[4] Pousson's actions thus terminated any

obligation of the Avis Defendants under LSA-R.S. 22:1296 (B) to maintain the security required

under the Motor Vehicle Safety Responsibility Law. Accordingly, the exclusion of coverage under

Schedule B of the Avis Rate Agreement does not violate the Motor Vehicle Safety Responsibility

Law or public policy because it tracks the specific statutory exclusion contained in LSA-R.S.

22:1296 (B)(2).

*Czop v. White,* 80 So.3d 1255, does not require a different result. In *Czop,* the defendant

was driving an Avis rental vehicle under the influence of alcohol when he collided with a vehicle

driven by the plaintiff. As in the present case, the defendant was cited for driving under the

influence. The plaintiff named Avis Rent a Car Systems and its insurance carrier as additional

defendants. Like the Avis Defendants in this case, Avis Rent a Car Systems argued that the renter

violated the terms of the rental agreement by driving under the influence and thus voided his

insurance coverage. The *Czop* court rejected Avis' argument, holding that the exclusions in the

rental agreement were "ambiguous and unconscionable," and that they violated public policy as

incorporated in the Louisiana Motor Vehicle Safety Responsibility Law. The *Czop* case is

distinguishable on at least three grounds. First, unlike the present case, the *Czop* court found a

genuine question of material fact as to whether the renter had his own valid and collectable

insurance. Here, Pousson had valid and collectible insurance that satisfied the statutory minimums

---

[4] During the hearing on this motion, Counsel for Vickers argued that the "collateral source" rule prevents any consideration of whether Pousson carried his own liability coverage. Under the collateral source rule, payments received from an independent source are not deducted from the plaintiff's damage award. *Cutsinger v. Redfern,* 12 So. 3d 945 (La. 2009). This reflects the policy against allowing a tortfeasor "to benefit from the victim's foresight in purchasing insurance and other benefits." 1 La. Prac. Pers. Inj. § 5:15. There is no argument here that Vickers' own insurance coverage will be deducted from any recovery she might receive. Rather, the question is whether *Pousson* has his own liability insurance coverage and, if so, how that separate coverage impacts the Avis Defendants' obligations under LSA-R.S. 22:1296 (B). As noted above, the *statute* specifically excludes a rental agency's coverage obligations if the renter has his or her own insurance. Accordingly, the collateral source rule plays no role in the application of these exclusions to the present case.

under LSA-R.S. 32:851.[5] Second, the renter in *Czop* did not sign the rental agreement that was allegedly violated. In the present case, Pousson did not sign the Avis Standard Rental Agreement, but the Rate Agreement containing the insurance coverage obligations and the exclusion to those obligations was signed by Avis Budget Car Rental, LLC and Pousson's employer, Cerner. Third, the Avis Defendants are certified as self-insured. In *Czop*, Avis Rent a Car Systems was insured by Pathfinder Insurance Company, and Pathfinder was added as an additional defendant. This distinction is important because, in *Watson v Sanders*, 583 So. 2d 151, 152 (La. App. 5 Cir. 7/1/91), the court held that a rental car agency qualified as self-insured was not obligated to provide omnibus insurance on its rental vehicles under the Motor Vehicle Safety Responsibility Law.

Finally, and more importantly, even if there were no factual distinctions between *Czop* and this case, the *Czop* court's reading of LSA-R.S. 22:1296(B) is inconsistent with the text of the statute. The *Czop* court cites the affirmative obligation of LSA-R.S. 22:1296(B) requiring rental companies to comply with the minimum-security requirements of the Motor Vehicle Responsibility Law but ignores the exceptions to that obligation contained in LSA-R.S. 22:1296(B)(2). Statutory provisions must be construed in their entirety: "[S]tatutory language cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Chamber of Commerce of United States of Am. v. United States Dep't of Labor*, 885 F.3d 360, 372 (5th Cir. 2018) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). Considering LSA-R.S. 22:1296 in its entirety, the exceptions

---

[5] Exhibit "D" to Doc. 38, Pousson's response to Interrogatory No. 1 and his Response to Request for Production of Documents, No. 1.

of LSA-R.S. 22:1296(B)(2) apply in the present case and, presumably, would have applied in the *Czop* case.[6]

A federal court is ordinarily bound by the substantive law of the forum state in cases grounded in diversity jurisdiction. In determining state substantive law, courts look first to decisions of the highest state court. Here, the Louisiana Supreme Court has not addressed the issue decided in the *Czop* case. Absent guidance from a state's highest court, federal courts "defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the higher court of the state would decide otherwise." *Mem'l Hermann Healthcare Sys. Inc. v. Eurocopter Deutschland, GmbH*, 524 F.3d 676, 678 (5th Cir.2008) (internal quotation marks omitted) (quoting *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir.2002)). The Fifth Circuit has cautioned that *Erie* "does not command blind allegiance to [any] case on all fours with the case before the court." *Green v.* Walker, 910 F.2d 291, 294 (5th Cir. 1990) (quoting *Shelp v. National Surety Corp.*, 333 F.2d 431, 439 (5th Cir. 1964)). The Louisiana Supreme Court likely would not follow *Czop* to the extent that it ignores the statutory exclusions to a rental car agency's coverage requirements under LSA-R.S. 22:1296(B). That court has held that "the meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it." *McLane S., Inc. v. Bridges*, 84 So. 3d 479, (La. 2012). A court should "give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous

---

[6] The *Czop* court also concluded that a coverage exclusion based on a violation of the rental agreement is "ambiguous and unconscionable." 80 So.2d at 1258. But, again, a coverage exclusion based on violations of a rental agreement tracks the *statutory* exclusion in LSA-R.S. 22:1296(B)(2). It is unclear how adherence to the statutory exclusion can render the contract provision "unconscionable."

or meaningless, if that result can be avoided." *Id.* *Czop*'s reading of LSA-R.S. 22:1296(B) is inconsistent with these interpretive cannons.

Vickers' reliance on *Marcus v Hanover Insurance*, 740 So. 2d 603, is similarly misplaced. The *Marcus* case involved the question of whether a "business use exclusion" in a liability insurance policy violates the Motor Vehicle Safety Responsibility Law. That case did not involve the obligations of a rental car company, so the specific provisions governing rental companies under LSA-R.S. 22:1296 were not at issue. "[I]t is a commonplace of statutory construction that the specific governs the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)). Put another way, when faced with two statutory provisions, one of which is more broadly framed (like the Motor Vehicle Safety Responsibility law) and the other more specifically framed to cover the case at hand (like LSA-R.S. 22:1296), the specific provision governs. *Id.* The holding in *Marcus* is thus inapplicable to this case because it was based on the more general, omnibus coverage requirements of the Motor Vehicle Safety Responsibility Law. Here, the Avis Defendant's obligations are governed by the more specific provisions of LSA-R.S. 22:1296(B), which define and limit a rental car company's obligations under the Motor Vehicle Safety Responsibility Law.

In sum, Vickers has no claim based on contract or statute that the Avis Defendants are required to provide liability insurance coverage for the collision that resulted in her injuries. The Avis Defendants are, therefore, entitled to summary judgment.

### D. Can Vickers Maintain a Direct Action Against the Avis Defendants On the Grounds That They are Insurers?

While Vickers has not specifically raised the issue of a direct action[7], the Court notes that since the Avis Defendants are not insurers, the direct action provision of the Louisiana Insurance

---

[7] LSA- R.S. 22:1269(B)(1), affords a right of direct action against an insurance company.

Code does not apply to it. Self-insurance is not insurance and a certificate of self-insurance is not an insurance policy.[8] As the Louisiana Supreme Court has explained, self-insurance is merely one of the methods through which the owner of a motor vehicle can meet the requirements of the Louisiana Motor Vehicle Safety Responsibility Law.[9]

## CONCLUSION

For the foregoing reasons, the Court grants the motion for summary judgment and enters judgment in favor of the Avis Defendants. A separate judgment in conformity with the foregoing ruling has been entered into the record.

THUS DONE in Chambers on this _____7th_____ day of _____June_____, 2019.


Robert R. Summerhays
United States District Judge

---

[8] *Hearty v. Harris*, 574 So.2d 1234, 1237-1238 (La. 1991).
[9] Id.